# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5514 | **DATE** | 9-6-2011 |
| **CASE TITLE** | Jose Rodriguez (#K-61183) vs. Warden Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of incarceration shall deduct $26.89 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and shall continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The complaint is dismissed on initial review as to Defendants Hardy and Karraker pursuant to 28 U.S.C. § 1915A. The Clerk shall issue summonses for service on all other Defendants, and U.S. Marshal is appointed to serve summons. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice. **The Marshal is requested to note the special service instructions set forth in this order.**

■ [For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Jose Rodriguez, a state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, administrative officials and health care providers at the Stateville Correctional Center, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Specifically, Plaintiff alleges that Defendants have denied him adequate care and treatment for a knee injury.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $26.89. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th

**(CONTINUED)**

mjm

Floor, and shall clearly identify Plaintiff's name and this case number.  This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, Plaintiff has articulated a colorable federal cause of action against prison health care providers.  Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).  The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all.  *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). Plaintiff has also stated a cause of action against Wexford Health Sources, Inc., for its purported cost-cutting measure of denying needed medical supplies to prisoners.  It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653.  Nevertheless, while a more fully developed record may belie Plaintiff's allegations, Defendants Chmell, Ghosh, Williams, and Wexford must respond to the complaint.

However, the complaint is dismissed on initial review as to administrative officials Hardy and Karraker. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983.  *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).  Section 1983 does not create collective or vicarious responsibility.  *Ibid.*  To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010).  In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery.  *See Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003).

A supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances.  *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).  But in the case at bar, Plaintiff is being seen regularly by health care professionals, even though the care he has received is not to his satisfaction.  The complaint and attachments document regular consultations with the prison's health care unit. Plaintiff therefore has no cause of action against administrative officials, who may reasonably rely on the medical experts treating Plaintiff.

A warden is shielded from liability where, as here, a plaintiff is receiving ongoing care from health care professionals.  *See Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs **(CONTINUED)**

were being addressed by the medical staff insulated the warden from liability); *compare Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Because Plaintiff is receiving ongoing treatment from medical professionals, he has no claim against Defendants Hardy and Karraker for failing to second-guess the medical staff.

The Clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order. The United States Marshals Service is appointed to serve Defendants Chmell, Ghosh, Williams, and Wexford. The Marshal shall send Plaintiff any service forms necessary to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. As Ghosh is now retired, the Marshal should contact Richard A. Tjepkema (Charysh & Schroeder, Ltd.), (312) 372-8338, to make service arrangements for Ghosh and for Wexford Health Sources, Inc. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants (or to defense counsel, once an attorney has entered an appearance on behalf of Defendants). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.

Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether Plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

**(CONTINUED)**

After considering the above factors, the Court concludes that appointment of counsel is not warranted at this time. Although the complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, whose initial submissions are coherent and articulate, appears more than capable of presenting his case. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit Plaintiff's request for counsel if presented in an appropriate motion.