# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5514 | **DATE** | 1/28/2013 |
| **CASE TITLE** | Rodriguez vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendant Chmell's motion to dismiss [39] is granted, and the motion to dismiss filed by Defendants Williams and Ghosh [19] is denied. The claims against Defendant Chmell are dismissed, and Chmell is terminated as a party defendant. Plaintiff's "motion in response" [49] is denied to the extent it also serves as a motion for sanctions. The Clerk is directed to issue alias summons for service on Defendant Wexford Health Sources, Inc., and the U.S. Marshals Service is appointed to serve summons on Wexford. The Marshals Service shall send Plaintiff any service forms he must complete, and is authorized to mail a request for waiver of service to Wexford in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. All of the remaining defendants shall answer the complaint by 2/19/2013. Status hearing set for 2/25/2013 at 9:45 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Jose Rodriguez, an Illinois state prisoner, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have violated his constitutional rights by acting with deliberate indifference to a lingering knee injury. Defendant Chmell has moved under Rule 12(b)(6) to dismiss the claims against him, as have Defendants Ghosh and Williams. Chmell's motion is granted, while Ghosh's and Williams's motion is denied.

*Pro se* complaints are to be liberally construed. *See Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). On a Rule 12(b)(6) motion, the court assumes the truth of the complaint's well-pleaded factual allegations and views those facts in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 563 (2007); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic*, 550 U.S. at 556.

| | Courtroom Deputy Initials: | JD |
|---|---|---|

| STATEMENT |
|---|

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id*. at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Ibid*. (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

Plaintiff was an Illinois state prisoner confined at the Stateville Correctional Center at all times relevant to this action. Defendant Partha Ghosh is a physician at Stateville, as well as its medical director. Defendant LaTanya Williams is a nurse practitioner at the prison. Defendant Wexford Health Sources, Inc., contractually provides medical services for the Illinois Department of Corrections. Defendant Samuel Chmell is a physician at University of Illinois Hospital in Chicago, Illinois.

In September 2005, Plaintiff went to Ghosh with knee complaints. Ghosh examined Plaintiff and observed that one of his knees had a torn cruciate ligament. Ghosh ordered an MRI of the knee. In October 2005, a second MRI revealed that Plaintiff's knee was "instabilable," that his knee brace provided inadequate support, and that the physical therapy Plaintiff was undergoing was not effective. Plaintiff's physicians at the University of Illinois recommended various physical therapy exercises, which Ghosh agreed to in name but in reality completely ignored.

In October 2006, Plaintiff filed a grievance claiming that the health care staff was not attending to his medical needs. In January 2007, Ghosh remained steadfast in his refusal to order physical therapy; instead, he promised to issue Plaintiff a knee brace "when time permitted." Throughout 2007, 2008, and 2009, Plaintiff continued to "write and complain to Wardens and to anyone who would listen" about the purported lack of care for his knee. Plaintiff reported that "Doctors at the Hospital in Chicago said that I need a proper knee brace for my knee to keep it from moving from side to side. Otherwise, I'll need surgery."

On January 3, 2010, Plaintiff filed another grievance. Plaintiff noted that he still had not been provided with a knee brace, and that the denial had caused further damage to his knee. On June 16, 2010, Plaintiff wrote Williams a letter reminding her that he still needed a knee brace. Plaintiff noted that he was now experiencing back problems, as well as sharp pain and stiffness in his knees.

On August 6, 2010, Plaintiff filed another grievance. Plaintiff reported that Ghosh and Williams refused to see him and that he was having difficulty walking without the needed knee brace. Plaintiff also wrote to Wexford (Ghosh's and Williams' employer) about the problems he was experiencing. In an undated letter, Plaintiff additionally wrote to Chmell to apprise him of the difficulties he was encountering in trying to obtain a knee brace. Chmell failed to respond to the letter.

|**STATEMENT**|
|---|

Plaintiff finally received a knee brace, a low bunk/low gallery permit, and a doctor's authorization for front cuffs, medical restraints, and no leg irons on January 5, 2011. However, Plaintiff has never been afforded the physical therapy recommended by specialists at the University of Illinois.

The motion to dismiss filed by Ghosh and Williams is denied. Correctional officials and health care professionals may not act with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective component: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of, and consciously disregard, the inmate's medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). Plaintiff's allegations satisfy both components.

A serious medical condition is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007); *Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005). A condition also is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The complaint describes debilitating knee pain that interfered with Plaintiff's ability to walk and further alleges that his inability to walk properly eventually triggered back problems. Plaintiff's condition was serious enough to warrant referral to outside specialists, who urged the prison to provide Plaintiff with physical therapy and a knee brace. Plaintiff's condition therefore meets the objective standard, at least at the pleading stage.

To satisfy the subjective component, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *See Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes*, 546 F.3d at 522. The fact that a prisoner has received *some* medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *see Allen v. Wexford Health Sources, Inc.*, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011). The subjective component encompasses conduct such as the refusal to treat a prisoner's chronic pain, *see Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards, *see Roe*, 631 F.3d at 857; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Here, Plaintiff contends that he went for years without a knee brace, and that the movants personally and directly ignored his supplications that he was in great pain and that he needed physical therapy and a knee brace. As Defendants point out, neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Greeno*, 414 F.3d at 653. A prisoner has no right to choose his course of treatment. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Nevertheless, "[a] prison physician cannot simply continue with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Furthermore, "[e]ven a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox County Jail*, 666 F.3d 1037,

| STATEMENT |
|---|

1040 (7th Cir. 2012). Under these standards, allegations of delayed and denied treatment state a cognizable claim for relief against Defendants Ghosh and Williams. Defendants' arguments that Plaintiff received constitutionally adequate medical care are more appropriately raised by way of a motion for summary judgment.

The court is also satisfied that Plaintiff's claims against Ghosh and Williams are timely. In Illinois, the statute of limitations for § 1983 actions is two years. *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Illinois law does not toll the statute of limitations for prisoners. *See Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010). However, the "continuing violation" doctrine saves Plaintiff's claims against Defendants Ghosh and Williams, at least at the pleadings stage. Under that doctrine, where a series of events injure a plaintiff, he can "reach back" to the beginning of the wrong "even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). Even though the complaint dates back to 2005, Plaintiff is alleging an ongoing denial of medical care, which means that the statute of limitations restarted every day that medical treatment or accommodations was withheld. *See Heard*, 253 F.3d at 318 ("Every day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew"). In his complaint, Plaintiff alleges contact with Williams at least as late as June 2010; in August 2010, he reported that Ghosh was refusing to see him. Consequently, the statute of limitations does not bar Plaintiff's claims against Ghosh and Williams.

Although the complaint states a viable claim against Ghosh and Williams, it does not do so against Chmell. As an outside physician, Chmell cannot be held responsible for the bureaucratic red tape Plaintiff has allegedly experienced. Accordingly, Chmell's motion to dismiss is granted.

Plaintiff has alleged no facts suggesting Chmell's direct, personal involvement in the denial of a knee brace and physical therapy, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has Plaintiff indicated that the alleged violations of his constitutional rights occurred at Chmell's direction or with his knowledge and consent. *Ibid.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Under these principles, Chmell cannot be held liable for the alleged inaction of prison administrators and health care providers. Plaintiff expressly asserts that Chmell recommended that a knee brace be provided. *See* Complaint, ¶ 32 & Exh. 14. The prison system, and not Chmell, refused either to allow Plaintiff to receive the original knee brace that had been ordered or to expedite the purchase of a replacement. Similarly, Chmell cannot be held responsible for the denial of physical therapy he recommended but that the prison purportedly failed to provide.

Chmell's failure to respond to Plaintiff's letter was not the cause of any constitutional deprivation. As an outside physician, Chmell would have no authority to order IDOC officials to implement any of his suggestions. In short, Plaintiff has failed to show how deliberate indifference to his serious medical needs could be attributed to Chmell. *Estelle v. Gamble*, 429 U.S. at 104; *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Because Chmell lacked personal involvement in the denial of a knee brace or rehabilitative therapy, there is no need to determine whether Chmell was acting under color of state law.

| STATEMENT |
|---|

Turning to Plaintiff's request for sanctions in his brief opposing Chmell's motion, the request is denied. It is plain from the record that opposing counsel did not write "butt hole" next to Plaintiff's name on one of the exhibits. The original complaint filed by Plaintiff himself had "butt hole" printed in someone else's hand on Exhibit 14; Plaintiff evidently filed the complaint without spotting the graffiti. The courtesy copy of the complaint counsel provided along with the motion to dismiss was simply a reprint from the Court's docket. It would appear that a fellow inmate may have been teasing Plaintiff.

The Clerk is directed to issue alias summons for service on Wexford Health Sources, Inc. The unexecuted return of service filed by the U.S. Marshal (Doc. 16) reports, "Mr. Ebbitt refused service due to the fact it is the incorrect entity named on the summons and complaint. The correct name is Wexford Health Sources, Inc. [plural, rather than Wexford Health Source, Inc.]." The United States Marshals Service is directed to re-attempt service on Wexford. The Marshals Service shall send Plaintiff any service forms he must complete. The Marshals Service is authorized to mail a request for waiver of service to Wexford in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.